PEOPLE v. TALLEY

CRIMINAL LAW—TRIAL—INSTRUCTIONS TO JURY.
Defendant's contentions that the court trying him for armed robbery committed reversible error in its charge to the jury, that the court improperly displayed a feeling that defendant was guilty, and that the court improperly denied defendant's motion for a directed verdict *held*, without merit where the record fails to establish any of defendant's claims.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 June 3, 1969, at Grand Rapids. (Docket No. 5,801.) Decided June 26, 1969. Leave to appeal denied April 22, 1970. See 383 Mich 777.

Ollie Lee Talley was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Wilbur Schillinger,* Assistant Prosecuting Attorney, for the people.

*Paul Pollard* and *Robert H. Johnson,* for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

---

REFERENCES FOR POINTS IN HEADNOTES
46 Am Jur, Robbery § 58.
5 Am Jur 2d, Appeal and Error § 867.

J. H. GILLIS, P. J. The defendant was convicted of armed robbery MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797) in a jury trial. On appeal, defendant contends that the trial court committed reversible error in its charge to the jury and, further, that the trial court denied the defendant a fair trial by displaying its feeling of defendant's guilt to the jury and, finally, the defendant alleges that the trial court erred in denying defendant's motion for a directed verdict of acquittal.

An examination of the record fails to establish any of the defendant's claims of reversible error.

Affirmed.

All concurred.